# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

In re:  **ARNOLD J MIGUES JR**

**Case No.:  23-40416-btf-13**

**Debtor**

### MOTION TO DENY CONFIRMATION OF PLAN

COMES NOW Richard V. Fink, Chapter 13 Trustee, and requests the court deny confirmation of the proposed plan (document #27), filed on or about June 07, 2023. In support thereof, the trustee states that the issues related to the proposed plan include:

1. 11 U.S.C. Section 521(a)(1)(B):

   The debtor has provided an affidavit indicating that they were self-employed 60 days prior to filing the petition.  An itemized statement was not attached to the affidavit showing gross receipts, ordinary and necessary business expenses, and total net income.  Please file the required attachment.

2. 11 U.S.C. Section 1325(a)(4):

   a. On Schedule A/B, the debtor lists the value for the 2022 Ford F-550 as zero. Please clarify. If a valuation is determined, please provide documentation to support the value.

   b. On Schedule A/B, the debtor lists the value for the 2022 Jeep Grand Cherokee as zero. Please clarify. If a valuation is determined, please provide documentation to support the value. Additionally, the trustee requests a copy of the title or the Vehicle Identification Number for this vehicle.  The trustee cannot determine whether the plan complies with 11 U.S.C. §1325(a)(4) until perfection of the creditor's security interest is verified.

   c. It appears there is non-exempt equity of $3,421.59.  The equity comes from the residence.  The proposed plan will pay less to the non-priority unsecured creditors than if the estate were liquidated under Chapter 7.

3. 11 U.S.C. Section 1325(a)(6):

   The first plan payment was due on April 30, 2023.  A plan payment has been received as of this date and the debtor is currently delinquent $5,300.00 with the June plan payment due on June 30, 2023. The trustee has filed a motion to dismiss the case for failure to commence timely plan payments.

4. 11 U.S.C. Section 1325(b):

   The trustee requests all CMI paystubs from September 1, 2022 to February 28, 2023 to verify the income listed on Form 122C-1.

5. Local Rule 3070-1:

The debtor is proposing to pay Technology Credit Union for solar panels directly in the plan and includes the following language in Part 7: "The debt in questsion (sic) to Technology Credit Union does qualify for direct payment pursuant to Local Rule 3070-1 because it is an unmodified payment on a note secured by real property and the Debtor has no past due payments or charges due to the secured party."

This is not an accurate statement. Pursuant to the supporting documentation attached to proof of claim, which includes the loan agreement and the UCC Financing Statement, the collateral for the loan is the solar panels and related equipment. The "GRANT OF SECURITY INTEREST; MAINTENANCE OF PROPERTY AND SYSTEM; ACCESS" paragraph in the loan agreement on pages 3 and 4 specifically states "Accordingly, you agree that our security interest is a security interest in personal property and not a security interest in real property."

This debt does not qualify for direct payment pursuant to Local Rule 3070-1.

6. Insufficient Information on Schedules:

Schedule H and the mailing matrix includes Craig Cox as a co-debtor, but does not include a mailing address. It appears this co-debtor has not been served notice of the plan.

7. Nonstandard Plan Provisions:

In Part 7 of the plan the debtor indicates that the secured debt owed to Ally Financial will be paid directly by a co-debtor. The trustee cannot administer this non-standard plan provision without further clarification. Please provide treatment for the debt in the event a deficiency claim is filed.

WHEREFORE, the Chapter 13 Trustee moves the Court for an Order Denying Confirmation of the proposed plan.

Respectfully submitted,

June 12, 2023

/s/ Richard V. Fink, Trustee

Richard V. Fink, Trustee
2345 Grand Blvd., Ste. 1200
Kansas City, MO 64108-2663
(816) 842-1031

## <u>NOTICE OF MOTION</u>

**Any response to the motion must be filed within twenty-one (21) days of the date of this notice (subject to an extension pursuant to Federal Rule of Bankruptcy Procedure 9006) with the Clerk of the United States Bankruptcy Court.** Documents can be filed electronically at http://ecf.mowb.uscourts.gov. A copy of such response shall be served electronically by the Court on the Chapter 13 Trustee and all other parties to the case who have registered for electronic filing. Parties not represented by an attorney may mail a response to the Court at the address below. If a response is timely filed, the Court will either rule the matter based on the pleadings, or set the matter for a hearing. If a hearing is to be held, notice of such hearing will be sent to all parties in interest. **If no response is filed within twenty-one (21) days (subject to an extension pursuant to Federal Rule of Bankruptcy Procedure 9006), the Court will enter an Order denying confirmation of the plan.** For information about electronic filing, go to http://www.mow.uscourts.gov. If you have any questions about this document, contact your attorney.

Court Address: U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106

## <u>NOTICE OF SERVICE</u>

The following parties will be served either electronically or by United States First Class Mail. If any party is served by United States First Class Mail a certificate of service will be filed thereafter:

DEBTOR(S)
WAGONER BANKRUPTCY GROUP (206) - ATTORNEY FOR DEBTOR(S)

<u>/s/ Richard V. Fink, Trustee</u>

RI      /Motion - Deny Confirmation